11-4978-ag
Barralaga v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of May, two thousand thirteen.

PRESENT:   CHESTER J. STRAUB,
           REENA RAGGI,
           CHRISTOPHER F. DRONEY,
                 *Circuit Judges*.

----------------------------------------------------------------------------------
ROBINSON J. BARRALAGA, a/k/a Javier Rodriguez, a/k/a Robinson Rodriguez, a/k/a Javier Barralaga,
                 *Petitioner*,

               v.                                            No. 11-4978-ag

ERIC H. HOLDER, JR., United States Attorney General,
                 *Respondent*.
----------------------------------------------------------------------------------

FOR APPELLANT:                    Genet Getachew, Esq., Brooklyn, New York.

APPEARING FOR APPELLEE:           SUNAH LEE (Stuart F. Delery, Cindy S. Ferrier, *on the brief*), Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C.

Petition for review of a Board of Immigration Appeals' order denying an application for cancellation of removal.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition for review of the order issued on November 8, 2011, is GRANTED, the order is VACATED, and the case is REMANDED.

Robinson J. Barralaga, a native and citizen of Honduras, petitions for review of a Board of Immigration Appeals ("BIA") order affirming the order of an immigration judge ("IJ") denying his application for cancellation of removal. See In re Robinson J. Barralaga, No. A094 322 828 (B.I.A. Nov. 8, 2011), aff'g No. A094 322 828 (Immig. Ct. N.Y.C. July 28, 2010). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to grant review, vacate the challenged order, and remand the case for further proceedings.

Barralaga argues that the factfinding underlying the BIA's determination that his removal would not cause any of his three children "exceptional and extremely unusual hardship," 8 U.S.C. § 1229b(b)(1)(D), was erroneous as a matter of law. That error, he contends, confers jurisdiction on this court to review his claim and warrants vacatur and remand. We agree.

We lack jurisdiction to review a BIA determination that removal would not cause exceptional and extremely unusual hardship, "except in those rare cases where the BIA decision on whether this kind of hardship exists is made without rational justification or based on an erroneous legal standard or rests on fact-finding which is flawed by an error of law." Mendez v. Holder, 566 F.3d 316, 322 (2d Cir. 2009) (citations and internal quotation marks omitted); accord Rosario v. Holder, 627 F.3d 58, 62–63 (2d Cir. 2010). Factfinding

2

is flawed by an error of law where the IJ or BIA "totally overlook[s]" or "seriously mischaracteriz[es]" facts that are "important to the subtle determination of exceptional and extremely unusual hardship." Mendez v. Holder, 566 F.3d at 323 (internal quotation marks omitted). To invoke our jurisdiction, a petitioner need only raise a colorable claim of legal error. See Argueta v. Holder, 617 F.3d 109, 112 (2d Cir. 2010); Barco-Sandoval v. Gonzales, 516 F.3d 35, 40 (2d Cir. 2007).

As the government acknowledges, in assessing hardship here, the IJ confused "Junior," Barralaga's oldest son, who does not live with Barralaga and presents no medical concerns, with "Robinson, Jr.," Barralaga's youngest son, who does live with Barralaga and has various medical issues, such as reactive airway disease, eczema, milk allergy, and speech delay. The IJ erroneously described Robinson, Jr. as Barralaga's older son and found that he has medical problems that do not appear to be "life-threatening," but which are not "trivial." J.A. 23. The IJ concluded, however, that because Robinson, Jr. "lives with his mother and there is no indication that he would return to Honduras" with Barralaga, "he could continue to receive whatever treatment is necessary for these problems here in the United States" if Barralaga were deported. Id. The IJ went on to state that Barralaga has a "third child, who is still an infant," and "[t]here does not seem to be any issue of any medical problems for this child." Id. In fact, not only was the ailing Robinson, Jr. the infant son with whom Barralaga resides, but also Barralaga testified before the IJ that it would be "very difficult" to decide whether to take this child to Honduras or leave him in the United States

3

if he were deported.[1]  Hr'g Tr. 81:14–17, J.A. 145. Nevertheless, based on the mistakes of fact detailed above, the IJ concluded that Barralaga had not demonstrated that his removal would cause the requisite hardship to any of his children.  Moreover, in affirming that determination, the BIA relied upon the IJ's erroneous factual findings, stating that, although Barralaga's "son has some respiratory problems," he "lives with his mother, would not return to Honduras with [Barralaga], and could continue to receive necessary treatment in the United States." J.A. 3.[2]

On this record, we conclude that Barralaga has raised a colorable argument that, in conflating the identities of the children at issue, the IJ and BIA "seriously mischaracterized" facts important to the hardship determination under § 1229b(b)(1)(D), thereby invoking our jurisdiction. Mendez v. Holder, 566 F.3d at 323.  Further, we are not "confident" as to what hardship determination the agency would reach on a correct understanding of the facts. Id. Thus, vacatur and remand is appropriate in this case. See id.

We decline to address on this appeal the BIA's alternative basis for denying Barralaga's application for cancellation of removal, i.e. its determination that he did not merit a favorable exercise of discretion.  See Rodriguez v. Gonzales, 451 F.3d 60, 62 (2d Cir.

---

[1] On his application for cancellation of removal, Barralaga indicated that, if he were deported, his "[k]ids would remain with their mother." J.A. 645.  That application, however, refers only to his eldest two children and was completed before Robinson, Jr. was born.

[2] Insofar as the government argues that Barralaga failed to exhaust his hardship claim before the BIA, see 8 U.S.C. § 1252(d)(1), that argument lacks merit.  Barralaga's notice of appeal to the BIA clearly challenges the IJ's decision on this basis.

4

2006) (stating that, if alien proves he meets statutory-eligibility requirements, "the Attorney General in his discretion decides whether to grant or deny relief"). Because we cannot confidently conclude that the agency's erroneous factfinding did not also infect its discretionary determination, it is appropriate to have the BIA reconsider that determination in the first instance. See Gonzalez v. Thomas, 547 U.S. 183, 186 (2006) ("[T]he proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." (internal quotation marks omitted)).[3]

Accordingly, Barralaga's petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED for further proceedings.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[3] We need not decide in this case whether we ever have jurisdiction to review the discretionary denial of a statutorily-eligible alien's application for cancellation of removal. See Argueta v. Holder, 617 F.3d at 112 ("Review of that discretionary determination is statutorily barred, except to the extent [the] petition raises a constitutional claim or question of law."); see also Rosario v. Holder, 627 F.3d at 62 ("[W]hen the BIA explicitly finds an alien to be eligible for discretionary relief but then refuses to grant relief as an exercise of its discretion, such a decision is not reviewable.").