11-977-ag (L)
Singh v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of September, two thousand twelve.

PRESENT: REENA RAGGI,
DEBRA ANN LIVINGSTON,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

-----------------------------------------------------------------------

AMAR SINGH,
*Petitioner*,

v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
*Respondent*.

Nos. 11-977-ag (L);
11-4839-ag (CON)

-----------------------------------------------------------------------

FOR PETITIONER: Michael E. Piston, Esq., Rochester Hills, Michigan.

FOR RESPONDENT: Stuart F. Delery, Acting Assistant Attorney General, M. Jocelyn Lopez Wright, Senior Litigation Counsel, Christopher Buchanan, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petitions for review of the February 14, 2011 and October 24, 2011 decisions of the Board of Immigration Appeals ("BIA") are DENIED.

Amar Singh, a native and citizen of India, petitions for review of the BIA's decisions (1) affirming an order of removal entered by Immigration Judge ("IJ") Mary M. Cheng that denied Singh's application for adjustment of status, see In re Amar Singh, No. A079 109 083 (B.I.A. Feb. 14, 2011), aff'g No. A079 109 083 (Immig. Ct. N.Y.C. Dec. 1, 2009),[1] and (2) denying his motion to reopen and remand to the IJ for further proceedings, see In re Amar Singh, No. A079 109 083 (B.I.A. Oct. 24, 2011). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to deny both petitions.

1.      Petition for Review of February 14, 2011 Decision

        a.      Jurisdiction

The government argues that we cannot hear Singh's petition challenging the BIA's denial of adjustment of status because it presents only factual questions over which we lack jurisdiction. We are not persuaded.

---

[1] Because Singh does not challenge the portion of the BIA's February 14, 2011 decision that denied his November 26, 2010 motion to remand to the IJ for consideration of additional evidence, we deem any such argument abandoned. See United States v. Draper, 553 F.3d 174, 179 n.2 (2d Cir. 2009).

While we lack "jurisdiction to review . . . any judgment regarding the granting" or denial of adjustment of status, 8 U.S.C. § 1252(a)(2)(B)(i), we retain jurisdiction to review "constitutional claims or questions of law," including claims or questions regarding an alien's eligibility for adjustment of status, id. § 1252(a)(2)(D); see Rosario v. Holder, 627 F.3d 58, 61 (2d Cir. 2010) ("BIA statutory interpretation pursuant to an eligibility determination is nondiscretionary and therefore reviewable precisely because it presents a legal question. In contrast, the BIA's factfinding, factor-balancing, and exercise of discretion normally do not involve legal or constitutional questions, so we lack jurisdiction to review them."). Insofar as Singh argues that the BIA was required to apply a presumption of credibility to its review of Singh's testimony and that of his ex-wife because the IJ had not expressly found them non-credible, see 8 U.S.C. § 1229a(c)(4)(C) ("[I]f no adverse credibility determination is explicitly made, the applicant or witness shall have a rebuttable presumption of credibility on appeal."), he presents a legal argument over which we retain jurisdiction, see Rosario v. Holder, 627 F.3d at 62 (stating that mixed questions of law and fact in BIA decisions are reviewable where BIA's underlying factual determination is flawed by error of law).

The government further contends that we lack jurisdiction because Singh failed to exhaust available administrative remedies. See 8 U.S.C. § 1252(d)(1); Gill v. INS, 420 F.3d 82, 85 (2d Cir. 2005). This contention is likewise unpersuasive. The jurisdictional exhaustion requirement requires only that an alien raise each category of relief sought before the BIA. See Gill v. INS, 420 F.3d at 86. Singh plainly raised a claim before the BIA

3

challenging the IJ's denial of adjustment of status. Thus, we have jurisdiction to review Singh's petition challenging the BIA's decision affirming that denial.

b.      Mandatory Exhaustion

In addition to complying with the aforementioned statutory exhaustion requirement, "a petitioner must have raised an issue below to present it on appeal." Gill v. INS, 420 F.3d at 86. This prudential exhaustion requirement is not jurisdictional, but it is nevertheless mandatory. See Lin Zhong v. U.S. Dep't of Justice, 480 F.3d 104, 121–22 (2d Cir. 2007). Further, although it is subject to waiver, see Kone v. Holder, 596 F.3d 141, 147 n.4 (2d Cir. 2010), the government relies on the requirement here. We need not decide this issue of exhaustion, however, because even assuming that Singh satisfied the exhaustion requirements, his argument relating to whether a presumption of credibility attached to his and his ex-wife's testimony fails on the merits.

c.      Presumption of Credibility

Before the BIA, Singh argued that the IJ erred by (1) holding a hearing on whether Singh's marriage to Mitchell was genuine and eliciting testimony from the two regarding their marriage, and (2) giving more weight to the inconsistencies between Singh's and his ex-wife's testimony than to the respects in which they were consistent with each other. The BIA was not required to explicitly state that it was applying the presumption of credibility, and the record does not suggest that it failed to do so. Cf. Alibasic v. Mukasey, 547 F.3d 78, 84 (2d Cir. 2008) ("Although not explicitly stated in its opinion, we assume that the BIA

4

properly followed applicable regulations and reviewed the IJ's decision pursuant to a de novo standard."). Noting the "materially different accounts" provided by Singh and his ex-wife is not inconsistent with presuming them credible. A. 63. Singh's argument that he would necessarily have prevailed if the BIA had applied the presumption of credibility fails because the BIA was entitled to, and did, consider the persuasiveness of testimony and the presence of corroborating evidence, in addition to credibility, in finding that Singh failed to meet his burden. See 8 U.S.C. § 1229a(c)(4)(B).

2.    Petition for Review of Denial of Motion to Reopen and Remand

We review the BIA's denial of Singh's motion to reopen and remand to the IJ only for abuse of discretion. See Kaur v. BIA, 413 F.3d 232, 233–34 (2d Cir. 2005) (per curiam). In this context, we will identify abuse only where the BIA's denial "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the [BIA] has acted in an arbitrary or capricious manner" in denying the motion to reopen. See Ke Zhen Zhao v. U.S. Dep't of Justice, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted). That is not this case.

Because Singh's motion to reopen alleged ineffective assistance of counsel, Singh bore the burden of showing "prejudice resulting from counsel's alleged deficiencies." Debeatham v. Holder, 602 F.3d 481, 485 (2d Cir. 2010) (per curiam). Before the BIA, Singh claimed that prior counsel was ineffective in failing to advise him of the need to provide

5

evidence corroborating the legitimacy of his former marriage, and he requested a remand to the IJ for an evidentiary hearing on the claim. In denying the motion, the BIA concluded that the corroborating evidence Singh sought to present to the IJ was not responsive to the IJ's credibility concerns. Nowhere in his brief does Singh discuss the BIA's dispositive determination that he thus failed to show prejudice. We therefore deem any challenge to that determination to be abandoned. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n.1 (2d Cir. 2005).

Insofar as Singh argues that the denial of his motion to reopen and remand was infected by the same alleged legal error as the denial of his application for adjustment of status—namely, the BIA's failure to apply a presumption of credibility to Singh's testimony and that of his ex-wife—our holding that the BIA did not fail to apply the presumption similarly disposes of this claim.

3.    Conclusion

For the foregoing reasons, both of Singh's petitions for review are DENIED. As we have completed our review, any stay of removal that was previously granted in these petitions is VACATED, and any pending motions for stay of removal in these petitions are DENIED as moot.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

6