13-221-ag
*Bukhari v. Holder*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1.  When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of January, two thousand fourteen.

PRESENT:
> JOSÉ A. CABRANES,
> REENA RAGGI,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

---

DURE SHAHWAR BUKHARI,

> *Petitioner*,

> v.                                                                No. 13-221-ag

ERIC H. HOLDER, JR., United States Attorney General,

> *Respondent.*

---

| | |
|---|---|
| **FOR PETITIONER:** | Walter W. Jabs, Jr., Law Offices of Walter W. Jabs, Jr., Marlborough, MA. |
| **FOR RESPONDENT:** | Stuart F. Delery, Assistant Attorney General, David V. Bernal, Assistant Director, Jesse M. Bless, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC. |

**UPON DUE CONSIDERATION** of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DISMISSED**.

Dure Shahwar Bukhari ("Bukhari"), a native and citizen of Pakistan, seeks review of a December 26, 2012 decision of the BIA affirming the March 31, 2011 decision of an Immigration Judge ("IJ") denying her applications for cancellation of removal and voluntary departure. *See In re Dure Shahwar Bukhari*, No. A087 180 875 (B.I.A. Dec. 26, 2012), *aff'g* No. A087 180 875 (Immig. Ct. Hartford Mar. 31, 2011). We assume the parties' familiarity with the underlying facts and the procedural history of the case.

Although Bukhari challenges the agency's finding that she was not eligible for cancellation of removal, the BIA affirmed only the IJ's determination as a matter of discretion that Bukhari was not entitled to cancellation of removal or voluntary departure.[1] Thus, under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005) ("[W]e review the judgment of the IJ as modified by the BIA's decision—that is, minus the single argument for denying relief that was rejected by the BIA.").

Accordingly, the only issue before us is whether the agency erred in determining, as a matter of discretion, that Bukhari was not entitled to cancellation of removal or voluntary departure. We lack jurisdiction to review either of these discretionary decisions. *See* 8 U.S.C. §§ 1252(a)(2)(B)(i) (cancellation of removal), 1229c(f) (voluntary departure); *see also Rosario v. Holder*, 627 F.3d 58, 62 (2d Cir. 2010) (cancellation of removal); *Carcamo v. U.S. Dep't of Justice*, 498 F.3d 94, 97 (2d Cir. 2007) (voluntary departure). We do, however, retain jurisdiction to review constitutional questions or questions of law. *See* 8 U.S.C. § 1252(a)(2)(D); *Morris v. Holder*, 676 F.3d 309, 314 (2d Cir. 2012). Bukhari has raised no colorable constitutional claim or question of law regarding the discretionary

---

[1] Bukhari rightly asserts that the IJ erred in considering the two instances of fraud in the analysis of her moral character because those instances occurred more than ten years before her application was filed. *See Duron-Ortiz v. Holder*, 698 F.3d 523, 527 (7th Cir. 2012) ("Under the statute, an individual who applies for cancellation of removal must show that he has 'been a person of good moral character during *such period*,' where 'such period' refers to the ten years of physical presence preceding the date of the cancellation application." (citing 8 U.S.C. § 1229b(b)(1)(A)-(B))). Accordingly, Bukhari is in fact eligible for cancellation of removal, inasmuch as the IJ erroneously found that she lacked moral character within the meaning of 8 U.S.C. § 1229b(b)(1)(B), but had satisfied all other elements required for eligibility. Nonetheless, this error does not call into question the IJ's decision to deny cancellation of removal because the flawed *eligibility determination* cannot be said to have infected the *discretionary decision* of removal. Unlike the moral-character analysis under 8 U.S.C. § 1229b(b)(1)(B), the IJ is not limited to the ten-year statutory period in deciding whether to deny cancellation of removal as a discretionary matter.

2

denial, as she mistakenly argues only that the BIA should have reviewed the IJ's factual findings *de novo*. *See* 8 C.F.R. § 1003.1(d)(3)(i) (stating that the BIA is limited to review of factual findings for clear error).

For the foregoing reasons, the petition for review is **DISMISSED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3