10-5191-ag
Singh v. Holder

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

## AMENDED SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14ᵗʰ day of August, two thousand fourteen.

PRESENT:
>ROSEMARY S. POOLER,
>PETER W. HALL,
>SUSAN L. CARNEY,

>>*Circuit Judges.*

_____

VIKRAM JEET SINGH, AKA JEET VIKRAM SINGH,
>*Petitioner*,

>v.                                             10-5191-ag

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,

>*Respondent*.

_____

FOR PETITIONER:          Dustin P. Smith, Vilia B. Hayes, Hughes Hubbard & Reed LLP, New York, NY.

FOR RESPONDENT:          Nancy E. Friedmman *for* Stuart F. Delery, Assistant Attorney General, (James E. Grimes, Senior Litigation Counsel; Ann Carroll Varnon, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., *on the brief*).

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DISMISSED**.

Petitioner Vikram Jeet Singh, a native and citizen of India, seeks review of the BIA's decision dismissing his appeal of the Immigration Judge's ("IJ") pretermission of his application for asylum. *In re Vikram Jeet Singh,* No. A078 435 429 (B.I.A. Nov. 22, 2010), *dismissing appeal from* No. A078 435 429 (Immig. Ct. N.Y. City Feb. 11, 2009). In the same order the IJ also granted Singh's petition for withholding of removal from the United States;[1] Singh does not seek review of that portion of the order. We assume the parties' familiarity with the underlying facts and procedural history in this case.

An applicant who seeks asylum must "demonstrate[] by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States," or must demonstrate "either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application . . . ." 8 U.S.C. § 1158(a)(2)(B), (D). We lack jurisdiction to review the agency's decision that an applicant did not meet his burden to show timely filing, nor do we have jurisdiction to review its determination that there were no changed or extraordinary circumstances excusing the untimeliness. *Id.* at (a)(3). We retain jurisdiction, however, to review constitutional claims and "questions of law." 8 U.S.C. § 1252(a)(2)(D).

---

[1] At oral argument the Government represented that because Singh's removal was withheld, he is permitted to reside in the United States lawfully unless he commits an act that would cause his status to be revoked. The counsel for the Government opined that Singh could adjust his status through "various ways . . . other than through a grant of asylum; for example through employment-based visas, family-based petitions and so forth." Oral Argument (June 3, 2014) at 2:48:43, *Singh v. Holder*, No. 10-5191-ag (2d Cir. June 3, 2014) .

In order to determine whether jurisdiction exists in an individual case, the Court "need[s] to study the arguments asserted" in a petition for review and determine, "regardless of the rhetoric employed in the petition, whether it merely quarrels over the correctness of the factual findings or justification for the discretionary choices, in which case the court would lack jurisdiction, or whether it instead raises a 'constitutional claim' or 'question of law,'" which are issues that may be addressed. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006). A question of law is not implicated "when the petition for review essentially disputes the correctness of an IJ's fact-finding or the wisdom of his exercise of discretion." *Id*.

On appeal Singh argues that he complied with the one-year filing deadline and in fact signed his first asylum application in the law office of Jaspreet Singh in August or September 2001. He further contends that to the extent his asylum application was untimely it was the result of ineffective assistance of counsel. Singh's challenge to the BIA's decision is a quarrel with purely factual issues that he seeks to advance as a due process claim. Because it is not a challenge to the law, we lack jurisdiction to consider it. *Rosario v. Holder*, 627 F.3d 58, 61 (2d Cir. 2010) ("[T]he BIA's factfinding, factor-balancing, and exercise of discretion normally do not involve legal or constitutional questions, so we lack jurisdiction to review them.").

For the foregoing reasons, the petition for review is **DISMISSED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3