13-2484
Seenithamby Rasaiah v. Holder

BIA
Straus, IJ
A097 849 218

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13ᵗʰ day of November, two thousand fourteen.

PRESENT:
> PIERRE N. LEVAL,
> GUIDO CALABRESI,
> REENA RAGGI,
> *Circuit Judges.*

_____

KOMALA SEENITHAMBY RASAIAH,
> *Petitioner,*

v.                                              13-2484
                                                NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Joshua Bardavid, New York, NY.

FOR RESPONDENTS:         Stuart F. Delery, Assistant Attorney
                         General; Michael P. Lindemann,
                         Chief; Aaron R. Petty, Counsel for
                         National Security, National Security
                         Unit, Office of Immigration
                         Litigation, United States Department
                         of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED, in part, and DENIED, in part.

Komala Seenithamby Rasaiah, a native and citizen of Sri Lanka, seeks review of a June 7, 2013, order of the BIA affirming the February 15, 2012, decision of Immigration Judge ("IJ") Michael W. Straus denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Komala Seenithamby Rasaiah*, No. A097 849 218 (B.I.A. June 7, 2013), *aff'g* No. A097 849 218 (Immig. Ct. N.Y. City Feb. 15, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). Because Seenithamby Rasaiah has not challenged the agency's pretermission of her asylum application as untimely, we address only her eligibility for withholding of removal and CAT relief.

## I.  Withholding of Removal

### A.  Change in Conditions

An alien who demonstrates past persecution benefits from a presumption that her life or freedom would be threatened in the future, as required for a grant of withholding of removal.  *See* 8 C.F.R. § 1208.16(b)(1)(i).  The government may rebut this presumption if it shows a "fundamental change in circumstances such that the applicant's life or freedom would not be threatened" upon removal.  8 C.F.R. § 1208.16(b)(1)(i)(A), (ii).  The government must prove the fundamental change by a preponderance of the evidence, and we review the agency's conclusion for substantial evidence.  *Lecaj v. Holder*, 616 F.3d 111, 115, 116 (2d Cir. 2010).

The agency neither provided a reasoned basis for concluding that the government rebutted the presumption of persecution, nor conducted an individualized analysis of how changed conditions would affect Seenithamby Rasaiah's specific situation.  *See Passi v. Mukasey*, 535 F.3d 98, 102 (2d Cir. 2008); *Niang v. Mukasey*, 511 F.3d 138, 148-49 (2d Cir. 2007).  The IJ found that Seenithamby Rasaiah had been persecuted by the Sri Lankan army on account of both her

3

Tamil ethnicity, and the political opinion the army imputed to her – that she supported the LTTE. While the IJ summarized the evidence regarding a change in conditions, he did not make any specific finding as to what fundamental change the evidence showed, or how the change was relevant to Seenithamby Rasaiah's situation. The IJ also concluded that there was no evidence that officials in Sri Lanka continued to look for Seenithamby Rasaiah. However, the burden was not on Seenithamby Rasaiah to show that she would be targeted, as persecution was presumed, but on the government to rebut the presumption and show that her life or freedom would not be threatened. *See* 8 C.F.R § 1208.16(b)(1)(i)(A), (ii).

Furthermore, the IJ's conclusion that the government met its burden to show, by a preponderance of the evidence, a fundamental change in conditions is not supported by substantial evidence, as the evidence shows that the Sri Lankan army still subjects those it suspects of supporting the LTTE to abuse and torture. *See Lecaj*, 616 F.3d at 116. Accordingly, the agency erred in its conclusion that the government demonstrated that there had been a fundamental change in Sri Lanka such that Seenithamby Rasaiah's life or freedom would not be threatened.

4

**B.   Material Support Bar**

Aliens who have "engaged in a terrorist activity" are statutorily ineligible for withholding of removal under both 8 U.S.C. § 1231(b)(3) and the CAT.  *See* 8 U.S.C. §§ 1231(b)(3)(B)(iv), 1227(a)(4)(B) (withholding under § 1231(b)(3)); 8 C.F.R. § 1208.16(d)(2) (withholding under the CAT).  Engaging in a terrorist activity includes, among other things, committing an act that "the actor knows, or reasonably should know, affords material support" to a designated terrorist organization.  8 U.S.C. § 1182(a)(3)(B)(iv)(VI).  We lack jurisdiction to review an agency determination that an alien is subject to the terrorist activity bar, 8 U.S.C. § 1158(b)(2)(D),[1] but retain jurisdiction to review questions of law and constitutional claims, 8 U.S.C. § 1252(a)(2)(D), and review those claims *de novo*.  *See Rosario v. Holder*, 627 F.3d 58, 61 (2d Cir. 2010).  Seenithamby Rasaiah argues that the terrorist activity bar does not apply to her because the aid she provided the LTTE was involuntary, and there is an

---

[1]Although this statute relates to asylum applications, *see* 8 U.S.C. § 1158(b)(2)(D), we assume for the purposes of this order that that the jurisdictional bar extends to review of the denial of withholding of removal.  In any event, Seenithamby Rasaiah avoids the jurisdictional bar by raising a question of law.

5

implied duress exception to the bar.  Her argument raises a question of law regarding the construction of the statute and thus is subject to judicial review.  *See id.*

We recently remanded to the BIA the same issue in *Ay v. Holder*, 743 F.3d 317 (2d Cir. 2014).  For the reasons we stated in that decision, principally the ambiguity of the statute and lack of precedential decision by the BIA, we find it prudent to remand for the BIA to "address the matter in the first instance in light of its own expertise." *Negusie v. Holder*, 555 U.S. 511, 517 (2009)(internal quotation marks omitted).

## II.  CAT Relief

Lastly, the agency did not err in denying CAT relief. Unlike the standards for asylum and withholding of removal, where a finding of past persecution gives rise to a presumption of future persecution, past torture does not give rise to a presumption of future torture for the purpose of CAT eligibility.  Instead, evidence of past torture serves only as evidence relevant to the possibility of future torture.  *See* 8 C.F.R. § 1208.16(c)(3).  While Seenithamby Rasaiah's past treatment was horrific, she has not resided in Sri Lanka for over a decade, and she has not presented any particularized evidence to show that anyone in

6

Sri Lanka seeks to torture her specifically. *See* 8 C.F.R. § 1208.16(c)(3); *Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir. 2005). As a result, substantial evidence supports the agency's conclusion that Seenithamby Rasaiah has not established that she will be tortured by or with the acquiescence of the Sri Lankan government. *See* 8 C.F.R. § 1208.17; *Mu Xiang Lin*, 432 F.3d at 159.

For the foregoing reasons, the petition for review is GRANTED, in part, with regard to Seenithamby Rasaiah's withholding application, and DENIED, in part, with regard to her CAT application. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk