Daniel Valderrabano **TORRES**
and all others similarly
situated, Plaintiffs

v.

**ROCK & RIVER FOOD INC.** d/b/a
**Marumi Sushi, and Teruhiko**
**Iwasaki, Defendants**

Civil Action No. 15-22882-Civ-Scola

United States District Court,
S.D. Florida.

Signed August 19, 2016

Elizabeth Olivia Hueber, Mager & Pa-
ruas, Hollywood, FL, Joshua Howard
Sheskin, Julia M. Garrett, K. David Kelly,
Rivkah Fay Jaff, J.H. Zidell, P.A., Miami
Beach, FL, Stephen Michael Fox, Jr., Ja-
mie H. Zidell, Miami Beach, FL, for Plain-
tiffs.

Chris Kleppin, Glasser & Kleppin, P.A.,
Plantation, FL, for Defendants.

### Order on the Defendants' Second Motion in Limine

Robert N. Scola, Jr., United States
District Judge

This matter is before the Court on the Defendants' Second Motion in Limine. The Plaintiff, a restaurant employee, sued the Defendants under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. sections 201-16, for unpaid overtime. After the suit was filed, the Defendants implemented a new timecard and record–keeping system. In their second motion in limine, the Defendants have moved to exclude reference to these changed procedures as subsequent remedial measures. (ECF No. 91.) For the following reasons, the motion is granted in part. The Plaintiff shall not introduce evidence of the Defendants' subsequent remedial measures except for purposes of impeachment. The Court defers ruling on what, if any, impeachment testimony will be permitted.

Under Federal Rule of Evidence 407, "[w]hen measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove: negligence, culpable conduct, a defect in a product or its design, or a need for a warning or instruction." This rule has two justifications. First, subsequent remedial measures generally are of limited probative value as an admission of fault; and, second, there is a strong "social policy of encouraging people to take, or at least not discouraging them from taking, steps in furtherance of added safety." See Fed. R. Evid. 407 advisory committee's notes. Although subsequent remedial measures are generally the

focus of tort actions, courts have applied Rule 407 in employment suits, including FLSA cases. *See Estate of Hamilton v. City of New York*, 627 F.3d 50, 53 (2d Cir.2010) (holding that the defendant's changes to the promotion process after the plaintiff's employment discrimination suit constituted subsequent remedial measures barred by Rule 407); *Holick v. Cellular Sales of N.Y., LLC*, No. 13–CV–738, 2014 WL 4771719, at *2–3 (N.D.N.Y. Sept. 24, 2014) (finding that the defendants' reclassification of their work force after the plaintiff's FLSA suit was a remedial measure); *Abel v. Dep't of Corrections of Kan.*, No. 93–4070–SAC, 1995 WL 106535, at *1 (D.Kan. Jan. 12, 1995) (stating, in an FLSA suit, that a defendant's change in policies following another FLSA suit, including discontinuing roll calls and meal breaks, "are likely to be subsequent remedial measures under Rule 407."); *see also Liger v. New Orleans Hornets NBA Ltd. P'ship*, No. 05–1969, 2008 WL 348800, at *2 (E.D.La. Feb. 6, 2008) ("The Court finds that evidence of the Hornets post-lawsuit compliance with the FLSA is not relevant to determining whether the Hornets can claim the exemption during the period of time before the lawsuit was filed.").

Here, because the Defendants' new timecard and record-keeping procedures would have made the Plaintiff's alleged harm (i.e. lack of proper overtime pay) "less likely to occur," they can be properly viewed as subsequent remedial measures.[1] *See Card v. E.H. Oftedal & Sons, Inc.*, No. 04–5036–KES, 2005 U.S. Dist. LEXIS 26375, at *1 (D.S.D. Mar. 23, 2005) (determining that an employer's change in procedures to keep accurate hours after an employee's suit for unpaid overtime was a subsequent remedial measure under Rule 407). Rule 407, however, does not bar *any* use of subsequent remedial measures, only if used for an improper purpose, such as to show culpable conduct. *See Meller v. Heil Co.*, 745 F.2d 1297, 1299 (10th Cir.1984). A "court may admit [subsequent remedial measures] for another purpose, such as impeachment or—if disputed—proving ownership, control, or the feasibility of precautionary measures." Fed. R. Evid. 407. The Plaintiff argues that the Defendants' new procedures should be admitted to show the feasibility of precautionary measures and the Defendants' willfulness and bad faith. (ECF No. 93 at 4–6.) The Plaintiff also asserts that the information is important impeachment evidence. (*Id.* at 1–3.)

The Court finds the Plaintiff's first two arguments unconvincing. First, although the rule explicitly permits that use of subsequent remedial measures to show the feasibility of precautionary measures, this should be permitted only if the feasibility of precautionary measures *is in dispute.* Currently, there is no dispute regarding the feasibility of precautionary measures. Further, the Court is unclear about what, if any, relevance the feasibility of precautionary measures would have in an FLSA suit. For example, the feasibility of precautionary measures is usually an issue in products liability or negligence actions.

As for the Plaintiff's second argument—willfulness and bad faith—the Plaintiff is asserting an exception that would consume the rule. If courts were to permit evidence of subsequent remedial measures in any case with a mental state component, then Rule 407 would essentially lose all meaning. As the advisory committee noted, subsequent remedial measures generally are

---

1. The Court also notes that the Plaintiff did not dispute that the procedures were subsequent remedial measures, only that they were

admissible on other grounds. (*See* ECF No. 93 at 1–3.)

of limited probative value as an admission of fault.

Finally, the parties vigorously dispute whether the new procedures are proper impeachment evidence. The Eleventh Circuit has cautioned that "[c]are must be taken to insure that Rule 407's impeachment exception is not used merely "as subterfuge to prove negligence or culpability of the defendant." *Wilkinson v. Carnival Cruise Lines, Inc.*, 920 F.2d 1560, 1567–68 (11th Cir.1991) (quoting *Petree v. Victor Fluid Power, Inc.*, 887 F.2d 34, 39 (3d Cir.1989)). For example, "[a]lthough any evidence of subsequent remedial measures might be thought to contradict and so in a sense impeach a defendant's testimony that he was using due care at the time of the accident, if this counted as 'impeachment' the exception would swallow the rule." *Id.* (quoting *Flaminio v. Honda Motor Co.*, 733 F.2d 463, 468 (7th Cir.1984)). In order to be able to properly consider the testimony and the purpose for which the Plaintiff is offering the evidence, the Court will defer ruling on whether the subsequent remedial measures may be used for impeachment. *See also Card*, 2005 U.S. Dist. LEXIS 26375, at *1 (finding that new procedures were subsequent remedial measures, but deferring ruling on what impeachment evidence would be permitted). Therefore, before the Plaintiff presents such evidence, he should request to be heard outside the presence of the jury so that the Court may determine whether the evidence is proper for impeachment.

**Done and ordered** in chambers, at Miami, Florida on August 19, 2016.