Reina v. Sessions

BIA
Straus, IJ
A073 535 464

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of October, two thousand seventeen.

PRESENT:
> DEBRA ANN LIVINGSTON,
> GERARD E. LYNCH,
>> *Circuit Judges,*
> JED S. RAKOFF,
>> *District Judge.*\*

---

OSCAR A. REINA, AKA OSCAR REINA FLORES,
> *Petitioner,*

> v.                                          16-3230

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

---

| | |
|---|---|
| **FOR PETITIONER:** | ERIN I. O'NEIL-BAKER, Hartford Legal Group, LLC, Hartford, CT. |
| **FOR RESPONDENT:** | MATTHEW CONNELLY, Trial Attorney, Office of Immigration Litigation (Chad Readler, Acting Assistant Attorney General, Civil Division; Mary Jane Candaux, Assistant Director, Office of Immigration |

---

\* Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

Litigation; *on the brief*), United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Oscar A. Reina, a native and citizen of El Salvador, seeks review of an August 19, 2016, decision of the BIA affirming a January 15, 2015, decision of an Immigration Judge ("IJ") denying special rule cancellation of removal under 8 U.S.C. § 1229b(b)(2)(A)(i). *In re Oscar A. Reina,* No. A073 535 464 (B.I.A. Aug. 19, 2016), *aff'g* No. A073 535 464 (Immig. Ct. Hartford Jan. 15, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented and modified by the BIA. *See Wala v. Mukasey*, 511 F.3d 102, 105 (2d Cir. 2007); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). Because the BIA assumed the marriage was bona fide, the only issue before us is the denial of relief based on Reina's failure to show that he was battered or subjected to extreme cruelty. *Xue Hong Yang*, 426 F.3d at 522. Our jurisdiction to review the agency's denial of special rule cancellation of removal is limited to constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(B), (D); *Rosario v. Holder*, 627 F.3d 58, 61 (2d Cir. 2010).

Reina sought special rule cancellation as an abused former spouse of a U.S. citizen. To qualify for special rule cancellation,

an alien must establish that he has been "battered or subjected to extreme cruelty by a spouse" who is a U.S. citizen or lawful permanent resident. 8 U.S.C. § 1229b(b)(2)(A)(i). The agency's denial of special rule cancellation of removal for failure to establish battery or extreme cruelty is generally a factual and discretionary determination that we cannot review. *Rosario*, 627 F.3d at 63-64. A constitutional claim or question of law may arise if "the BIA applies an incorrect law or legal standard, bases its decision on a factfinding premised on an error of law, or reaches a conclusion that lacks any rational justification." *Id.* at 63. Additionally, "[w]e determine our jurisdiction by looking at the *underlying nature* of the BIA's determination rather than any gloss offered by the parties." *Rosario*, 627 F.3d at 62 (emphasis in original). "[A] petitioner cannot us[e] the rhetoric of a . . . question of law to disguise what is essentially a quarrel about fact-finding or the exercise of discretion." *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39 (2d Cir. 2008) (quoting *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 330 (2d Cir. 2006) (internal quotation marks omitted) (second alteration in original)).

We conclude that we do not have subject matter jurisdiction to review Reina's petition.

Reina first argues that the BIA applied the wrong legal standard by requiring him to demonstrate that he was subject to battery and extreme cruelty. However, the BIA cited the correct statutory provision regarding the burden of proof, "[s]ection 240(c)(4)(B) of

3

the [Immigration and Nationality] Act," which is codified at 8 U.S.C. § 1229a(c)(4)(B). Reina contends that the BIA incorrectly relied on case law addressing the corroboration standard for asylum in reaching its decision. That is untrue: the BIA *cited* but did not *rely* on asylum cases in which it had found testimony was too vague to be credible. At any rate, to the extent Reina argues that citing cases about the sufficiency of corroboration from asylum cases in applying the statute governing whether an applicant has sustained his burden of proof in a cancellation of removal case, 8 U.S.C. § 1229a(c)(4)(b), the argument is not colorable, as the comparable statute governing asylum cases, 8 U.S.C. § 1158(b)(1)(B)(ii), is functionally identical. Because "the BIA applied the correct law and the correct legal standard," *Rosario*, 627 F.3d at 64 (setting the substantive standard for special rule cancellation of removal for battered spouses) (internal citations omitted), we do not have subject matter jurisdiction to hear this challenge to the BIA's decision.

Second, Reina argues that the BIA's decision was "erroneous as a matter of law" and lacked "rational justification" because the agency seriously mischaracterized his testimony and overlooked parts of it. Pet'r Br. at 18–19; *see Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009). But rather than cite any serious mischaracterizations or omissions, Reina just repeats the same allegations that the BIA and IJ found too vague to meet his statutory burden. This is an objection to the BIA and IJ's factual findings and we cannot entertain it.

We have considered all of Appellant's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the petition for review is DISMISSED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5