Rvalov v. Garland

BIA
Christenen, IJ
A070 136 758

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of April, two thousand twenty-two.

PRESENT:
>    RICHARD J. SULLIVAN,
>    EUNICE C. LEE,
>    MYRNA PÉREZ,
>         *Circuit Judges.*

_____

ANDREI RVALOV,
>    *Petitioner,*

>    v.                                           **20-43**
>                                                  **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
>    *Respondent.*

_____

| | |
|---|---|
| **FOR PETITIONER:** | Thomas E. Moseley, Esq., Newark, NJ. |
| **FOR RESPONDENT:** | Jeffrey Bossert Clark, Acting Assistant Attorney General; Shelley R. Goad, Assistant |

Director; Kristen A. Giuffreda, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Andrei Rvalov, a native of the former U.S.S.R. and citizen of Russia, seeks review of a December 13, 2019 decision of the BIA affirming a June 26, 2018 decision of an Immigration Judge ("IJ") denying his motion to reopen. *In re Andrei Rvalov,* No. A 070 136 758 (B.I.A. Dec. 13, 2019), *aff'g* No. A 070 136 758 (Immigr. Ct. N.Y. City June 26, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as the final agency determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). We review a denial of a motion to reopen for abuse of discretion. *See Debeatham v. Holder*, 602 F.3d 481, 484 (2d Cir. 2010). "An abuse of discretion may be found . . . where the [IJ's] decision provides no rational explanation, inexplicably departs from established policies,

is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where [the IJ] has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Just.*, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).  We find no abuse of discretion here.

Rvalov moved to reopen his removal proceedings, alleging ineffective assistance of counsel and admitting that both he and his estranged wife had testified falsely at the hearing in order for him to satisfy the eligibility requirements for cancellation of removal.  Ineffective assistance of counsel may be grounds for reopening upon a showing that counsel's performance deprived the noncitizen of a fair hearing and caused prejudice, *Iavorski v. INS*, 232 F.3d 124, 128–29 (2d Cir. 2000), but an IJ has the discretion to deny reopening based on the noncitizen's past conduct or where the IJ determines that the underlying relief sought would not be merited as a matter of discretion, *see INS v. Abudu*, 485 U.S. 94, 105 (1988) ("[I]n cases in which the ultimate grant of relief is discretionary[,] . . . . the BIA may leap ahead . . . over the two threshold concerns (prima facie case and new

3

evidence/reasonable explanation), and simply determine that . . . the movant would not be entitled to the discretionary grant of relief."); *INS v. Rios-Pineda*, 471 U.S. 444, 451–52 (1985) (finding no abuse of discretion where denial of reopening "was grounded in legitimate concerns about the administration of the immigration laws and was determined on the basis of the particular conduct of respondents").

The IJ did not abuse his discretion in denying reopening because Rvalov admitted to testifying falsely to obtain an immigration benefit. *See Rios-Pineda*, 471 U.S. at 451–52. Contrary to Rvalov's contention here that he timely retracted his false testimony, the IJ properly found that Rvalov did not retract the testimony until after relief was denied. Moreover, both the form of cancellation of removal that Rvalov initially sought and the form of cancellation he raised in his motion to reopen are discretionary forms of relief. *See Rodriguez v. Gonzales*, 451 F.3d 60, 62 (2d Cir. 2006) (cancellation for nonpermanent residents under 8 U.S.C. § 1229b(b)(1)); *Rosario v. Holder*, 627 F.3d 58, 60–62 (2d Cir. 2010) (cancellation as battered or abused spouse of U.S.

4

citizen under § 1229b(b)(2)).  The IJ thus has the discretion to deny reopening even if Rvalov were eligible for those forms of relief.  *See Abudu*, 485 U.S. at 105.

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

<pre>
                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe,
                                    Clerk of Court
</pre>