*Viknesrajah v. Lynch*

BIA
Reid, IJ
A095 665 546

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of July, two thousand fifteen.

PRESENT:
　　　　JON O. NEWMAN,
　　　　RICHARD C. WESLEY,
　　　　GERARD E. LYNCH,
　　　　　　*Circuit Judges.*

_____

NADARAJAH VIKNESRAJAH, AKA MARIO D'AMICO, AKA VIKNESRAJAH NADARAJAH,
　　　　*Petitioner,*

　　　　v.                                        14-637
　　　　　　　　　　　　　　　　　　　　　　　　　NAC

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,
　　　　*Respondent.*

_____

FOR PETITIONER:　　　　Visuvanathan Rudrakumaran, Law Offices of Visuvanathan Rudrakumaran, New York, New York.

**FOR RESPONDENT:**                    Joyce Branda, Acting Assistant
                                      Attorney General; Christopher C.
                                      Fuler, Deputy Chief, National
                                      Security Unit; Alison Marie Igoe,
                                      Senior Counsel for National
                                      Security, National Security Unit,
                                      Office of Immigration Litigation,
                                      Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Nadarajah Viknesrajah, a native and citizen of Sri Lanka, seeks review of a January 29, 2014, decision of the BIA affirming a December 31, 2012, decision of an Immigration Judge ("IJ") denying Viknesrajah's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Nadarajah Viknesrajah,* No. A095 665 546 (B.I.A. Jan. 29, 2014), *aff'g* No. A095 665 546 (Immig. Ct. Batavia, N.Y. Dec. 31, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. 8

2

U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

## I. Material Support

An alien who has "engaged in a terrorist activity" is barred from receiving asylum or withholding of removal. 8 U.S.C. §§ 1158(b)(2)(A)(v), 1182(a)(3)(B)(i)(I) (asylum); 8 U.S.C. § 1231(b)(3)(B)(iv) (withholding); 8 C.F.R. § 1208.16(d)(2) (same). "Terrorist activity" includes committing an act that "the actor knows, or reasonably should know, affords material support" to a designated terrorist organization. 8 U.S.C. § 1182(a)(3)(B)(iv)(VI). "Material support" includes providing "a safe house, transportation, communications, funds, transfer of funds or material financial benefit, false documentation or identification, weapons . . . , explosives, or training." *Id.*

We lack jurisdiction to review an agency's determination that an alien is subject to the terrorist activity bar, 8 U.S.C. § 1158(b)(2)(D), but retain jurisdiction to review questions of law and constitutional claims, 8 U.S.C. § 1252(a)(2)(D), and review those claims *de novo*. *Rosario v. Holder*, 627 F.3d 58, 61 (2d Cir. 2010). The application of a legal standard to an

3

undisputed set of facts is a question of law subject to *de novo* review. *See Khouzam v. Ashcroft*, 361 F.3d 161, 165 (2d Cir. 2004) (holding that "[t]he BIA's application of law to undisputed facts is reviewed *de novo*"). Here, the question of law that Viknesrajah attempts to raise is whether false testimony can establish that he gave "material support" to a terrorist organization.

Stated that baldly, the answer would have to be "no." However, the record indicates that the BIA reasonably understood the IJ's assessment of the petitioner's testimony to present a different issue. Viknesrajah testified that for 17 to 18 months the LTTE forced him to dig bunkers and carry wood for 2 to 3 hours a day, cut potatoes and onions, and fill sandbags for transport in the jungle. Although portions of the IJ's opinion appear to make a broad finding that the petitioner was not credible, the BIA concluded that "the Immigration Judge's crediting of that limited testimony is not inconsistent with his adverse credibility finding as to other aspects of [Viknesrajah's] testimony." BIA op. of Jan. 29, 2014, at 2, ROA at 4. As we have recognized, an IJ may limit an adverse credibility finding to particular portions of an applicant's

testimony. *Paul v.* Gonzales, 444 F.3d 148, 154 (2d Cir. 2006). Although the BIA took a generous view of the IJ's language, we cannot say that the BIA was unreasonable in its interpretation. Indeed, it is most unlikely that the IJ meant to say that he did not believe the precise portion of testimony on which he based a finding of material support.

Furthermore, as the IJ in this case recognized, the Immigration and Nationality Act imposes a heavy evidentiary burden on aliens to establish their eligibility for relief when a mandatory bar to relief, such as the material support bar, may apply. So long as "the evidence *indicates* that one or more of the grounds for mandatory denial of the application for relief *may apply*, the alien shall have the burden of proving by a preponderance of the evidence that such grounds do not apply." C.F.R. § 1240.8 (emphases added). Regardless of the IJ's ultimate credibility doubts about Viknesrajah's credibility, Visnesrajah's testimony at the removal hearings describing his alleged months spent with the LTTE was certainly sufficient to "indicate that the material support bar "may apply" in this case, all that the IJ and BIA needed to deny relief.

## II. Deferral of Removal Under the CAT

Next, Viknesrajah argues that the agency failed to give meaningful consideration to his CAT claim. In order to obtain CAT deferral, an alien must show that he would more likely than not be tortured in the country of removal. *See* 8 C.F.R. §§ 1208.16(c), 1208.17; *Khouzam*, 361 F.3d at 168.

Viknesrajah claimed that the Sri Lankan government harms three groups of which he is a member: (1) Tamils from areas formerly controlled by the LTTE; (2) failed asylum seekers; and (3) Tamils returning from Western countries. Viknesrajah submitted evidence showing that Tamils are mistreated in Sri Lanka; however, nearly all of that evidence concerns the war between the Sri Lankan government and the LTTE, which ended in May 2009. The 2011 State Department Report states that security forces engage in unlawful killings, attack and harass persons seen as LTTE sympathizers, and torture Tamils with actual or perceived associations with the LTTE. But the State Department also reports that the government has begun incorporating Tamils into the same security forces accused of harming them. Viknesrajah submitted an Australian article from 2010 stating that nine returned asylum seekers had been

6

killed in the past year. However, these events occurred five years ago, and Viknesrajah has never submitted evidence showing the persistence of such conditions. Otherwise, the record is devoid of any evidence that the Sri Lankan government tortures returning Tamils. Given the conflicting evidence in the record, a reasonable fact-finder would not be compelled to find that Viknesrajah is likely to be tortured. *Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007). Thus, the IJ reasonably denied CAT relief.

Viknesrajah argues that the IJ abused his discretion in refusing to admit a 2011 UNHCR Report on Sri Lanka on remand. The IJ excluded the report because Viknesrajah failed to show how it would affect the outcome of his case; the BIA affirmed this decision.

Where "no final order exists . . . the [IJ] has authority to consider additional evidence if it is material, was not previously available, and could not have been discovered or presented at the former hearing." *Matter of M- D-*, 24 I. & N. Dec. 138, 141 (BIA 2007). We generally review the refusal to admit documents for abuse of discretion. *Cf. Dedji v. Mukasey*, 525 F.3d 187, 191-92 (2d Cir. 2008). An IJ abuses his

discretion when "(1) his decision rests on an error of law . . . or a clearly erroneous factual finding or (2) his decision . . . cannot be located within the range of permissible decisions." *Id.* (internal quotations omitted).

The report should have been admitted: it was material and previously unavailable. But remand for consideration of it would be futile because the IJ made clear that the report would not change the outcome of Viknesrajah's case. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 402 (2d Cir. 2005). The UNHCR report contains little evidence showing that the Sri Lankan government is currently torturing Tamils.

Finally, Viknesrajah argues that his membership in all three of the groups he identified heightens his risk of harm beyond what he would face as a member of any group standing alone. He pressed this argument below, but the agency never considered it. Remand to consider it would be futile because, as explained above, the record contains very limited evidence that Sri Lanka tortures any one of Viknesrajah's proposed groups. *Cao He Lin*, 428 F.3d at 402.

8

## III. Recusal

Finally, Viknesrajah argues that BIA member Roger Pauley should have recused himself from deciding his case. However, because Viknesrajah did not request Pauley's recusal before the BIA, we decline to review this argument. *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 123 (2d Cir. 2008).

For the foregoing reasons, the petition for review is DENIED.

As we have completed our review, the pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk