Viknesrajah v. Barr

BIA
A095 665 546

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of April, two thousand nineteen.

PRESENT:
> BARRINGTON D. PARKER,
> DENNY CHIN,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

NADARAJAH VIKNESRAJAH, AKA MARIO D'AMICO, AKA VIKNESRAJAH NADARAJAH,
> *Petitioner,*

v.                                          17-1249
                                            NAC

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Visuvanathan Rudrakumaran,
                         New York, NY.

FOR RESPONDENT:          Joseph H. Hunter, Assistant
                         Attorney General; Daniel I.
                         Smulow, Senior Counsel for
                         National Security Unit; Alison

Marie Igoe, Senior Counsel for National Security Unit, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Nadarajah Viknesrajah, a native and citizen of Sri Lanka, seeks review of March 28, 2017, decision of the BIA denying his motion to reopen. *In re Nadarajah Viknesrajah,* No. A095 665 546 (B.I.A. Mar. 28, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of Viknesrajah's motion to reopen for abuse of discretion and consider whether its conclusion regarding changed country conditions is supported by substantial evidence. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008).

It is undisputed that Viknesrajah's 2016 motion to reopen was untimely as it was filed almost three years after the BIA's last decision in his case. *See* 8 U.S.C.

2

§ 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). The time limitation does not apply if reopening is sought to apply for asylum (or withholding of removal and protection under the Convention Against Torture ("CAT")) and the motion "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). However, as discussed below, the BIA did not abuse its discretion in denying reopening because Viknesrajah failed to establish a material change in conditions given the lack of evidence of worsened treatment of (1) Tamils from areas formerly controlled by the Liberation Tigers of Tamil Eelam ("LTTE") who are associated with or perceived to be associated with the LTTE, (2) failed asylum seekers, and (3) Tamils returning from western countries.

As an initial matter, two of the fourteen articles were available at the time of Viknesrajah's removal proceedings before the IJ and one was in the record of his prior

3

proceedings. Accordingly, those articles are evidence of past conditions but do not themselves support reopening because they were or could have been presented previously. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii) (requiring that motion to reopen be based on "evidence [that] is material and was not available and would not have been discovered or presented at the previous proceeding").

The new evidence that post-dates Viknesrajah's final hearing does not support his claim that the Sri Lankan government has increased its mistreatment of Tamils associated or perceived to be associated with the LTTE, failed asylum seekers, or Tamils returning from western countries. The articles reflect that mistreatment of Tamils associated or perceived to be associated with the LTTE and failed asylum seekers has continued but has not increased, as needed to amount to changed circumstances. *See In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions

4

submitted with the motion to those that existed at the time of the merits hearing below.").

As for evidence that Sri Lanka tortures Tamils returning from western countries, "the record [at Viknesrajah's prior proceedings was] devoid of any evidence that the Sri Lankan government tortures returning Tamils." *Viknesrajah v. Lynch*, 620 F. App'x 28, 30 (2d Cir. 2015). The evidence he submitted with his motion to reopen is similarly scant. The BIA therefore reasonably concluded that Viknesrajah did not submit enough evidence that "Tamils returning from Western countries are likely to suffer torture in Sri Lanka," let alone evidence that there has been a material change in the treatment of returning Tamils as needed to overcome the time limitation on the motion to reopen. *In re of S-Y-G-*, 24 I. & N. Dec. at 257 ("Change that is incremental or incidental does not meet the regulatory requirements for late motions.")

Thus, on this record, the agency was not compelled to conclude that Viknesrajah's evidence reflected a change in conditions material to his fear of torture. *See Jian Hui Shao*, 546 F.3d at 171. Because Viknesrajah failed to demonstrate a material change, the agency did not abuse its

discretion in denying his motion to reopen as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court