*Hernandez v. Garland*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of June, two thousand twenty-two.

PRESENT: JON O. NEWMAN,
JOSÉ A. CABRANES,
JOSEPH F. BIANCO,
*Circuit Judges.*

_____

MARTIN HERNANDEZ,

   *Petitioner*,

  v.                 20-895-ag

MERRICK B. GARLAND, United States Attorney General,

   *Respondent.*

_____

**FOR PETITIONER:**      Edward J. Cuccia, New York, NY.

**FOR RESPONDENT:**     Jeffrey Bossert Clark, Acting Assistant Attorney General; Kohsei Ugumori, Senior Litigation Counsel; Christin M. Whitacre, Trial Attorney, Office of

**UPON DUE CONSIDERATION** of this petition for review of a decision of the Board of Immigration Appeals ("BIA") dated February 12, 2020, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Martin Hernandez, a native and citizen of Mexico, seeks review of a February 12, 2020 decision of the BIA affirming a May 1, 2018 decision of an Immigration Judge ("IJ") denying his application for cancellation of removal. *In re Martin Hernandez*, No. A 088 443 459 (B.I.A. Feb. 12, 2020), *aff'g* No. A 088 443 459 (Immigr. Ct. N.Y.C. May 1, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

A nonpermanent resident, like Hernandez, may have removal cancelled if he (1) "has been physically present in the United States for a continuous period of not less than 10 years," (2) "has been a person of good moral character during" those years, (3) has not been convicted of certain offenses, and (4) "establishes that removal would result in exceptional and extremely unusual hardship to," as relevant here, his U.S. citizen child. 8 U.S.C. § 1229b(b)(1). "[T]he hardship to an alien's relatives, if the alien is obliged to leave the United States, must be 'substantially' beyond the ordinary hardship that would be expected when a close family member leaves this country." *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62 (B.I.A. 2001) (quoting H.R. Conf. Rep. No. 104-828, at 213 (1996)).

Our jurisdiction to review the denial of discretionary relief, such as cancellation of removal, is limited to "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(B)(i), (D). This jurisdictional limitation applies to all fact-finding underlying a denial of discretionary relief, *Patel v. Garland*, 142 S. Ct. 1614, 1627 (2022), including hardship determinations, *see Barco-Sandoval v. Gonzales*, 516 F.3d 35, 38-39 (2d Cir. 2008). We review constitutional claims and questions of law *de novo*. *Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009). We review the IJ's decision as modified by the BIA, and reach only the hardship determination, not the IJ's findings regarding continuous presence and moral character. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *see also Lin Zhong v. U.S. Dep't of Just.*, 480 F.3d 104, 122 (2d Cir. 2007) ("[W]e may consider only those issues that formed the basis for [the agency's] decision.").

Hernandez's claim that the BIA minimized or failed to consider evidence of his son's learning disability and educational needs in concluding he did not show hardship is a challenge to the agency's factual findings and weighing of evidence, which do not implicate constitutional claims or questions of law. *See Barco-Sandoval*, 516 F.3d at 39 ("[W]e remain deprived of jurisdiction to review decisions under the [Immigration and Nationality Act] when the petition for review essentially disputes the correctness of an IJ's fact-finding or the wisdom of his exercise of discretion and raises neither a constitutional claim nor a question of law." (internal quotation marks omitted));

*see also Rosario v. Holder*, 627 F.3d 58, 61 (2d Cir. 2010) (holding that agency's "factfinding, factor-balancing, and exercise of discretion normally do not involve legal or constitutional questions").

Hernandez's ineffective assistance of counsel claim, in which he argued his counsel failed to submit documents to the IJ and alleged that his counsel lied to the IJ by stating that Hernandez did not contact him with instruction about what documents he should submit, is a constitutional claim. *Omar v. Mukasey*, 517 F.3d 647, 650 (2d Cir. 2008) (per curiam). But to prevail on an ineffective assistance claim, Hernandez must "allege facts sufficient to show 1) 'that competent counsel would have acted otherwise,' and 2) 'that he was prejudiced by his counsel's performance.'" *Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir. 1994) (quoting *Esposito v. INS*, 987 F.2d 108, 111 (2d Cir. 1993)). The BIA did not err in concluding that Hernandez failed to show prejudice. The BIA expressly considered the documents Hernandez claimed his counsel neglected to submit and concluded that they did not establish sufficient hardship. Because the BIA considered the evidence on appeal in deciding to affirm the hardship determination, Hernandez cannot show he was prejudiced by counsel's failure to submit them earlier. Absent prejudice, Hernandez's ineffective assistance claim must fail. *See id.*

Finally, Hernandez argues before us for the first time that the IJ "miscalculated . . . [the] period of continuous presence in the United States," Appellant's Br. 23, because under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), his notice to appear — which lacked a hearing date and time — did not stop the accrual of presence, *see id.* at 2113-14. We generally do not consider issues not raised before the agency. *See Lin Zhong*, 480 F.3d at 123 ("Judicially-imposed doctrines of issue exhaustion . . . will usually mean that issues not raised to the BIA will not be examined by the reviewing court."). Even if exhausted, this *Pereira* argument is relevant only to the IJ's calculation of continuous physical presence, which — as noted above — is not before us because the BIA did not rely on it in denying cancellation. *See id.* at 122 (explaining that courts of appeals "may consider only those issues that formed the basis for [the BIA's] decision"); *see also Xue Hong Yang*, 426 F.3d at 522.

We have reviewed all of Hernandez's remaining arguments and find them to be without merit. Accordingly, and for the foregoing reasons, the petition for review of the February 12, 2020 BIA decision is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3